IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **CHARLES IZAC,** | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | **CIVIL ACTION NO. 5:13-04223** |
| **JOEL ZIEGLER, Warden,** | ) ) ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On March 5, 2013, Petitioner, an inmate at FCI Beckley and acting *pro se,* filed an "Emergency Motion" requesting that the Court grant him a furlough so that he may visit with his mother, who has been diagnosed "with pancreatic cancer and given six months to live."[1] (Document No. 1.) Petitioner claims that he has "been incarcerated for over seven years of a fifteen-year sentence" and "never received any incident report or had any infractions of rules." (Id.) Petitioner explains that his "mother has been ill for nearly a year which limited her ability for institutional visits." (Id.) Petitioner states that he requested an emergency furlough, but the BOP denied his request based upon his conviction of being a felon in possession of a firearm. (Id.) Petitioner contends that "[a]ccording to § 4B1.1, mere possession is NOT a crime of violence." (Id.) Petitioner further explains that his "conviction was for constructive rather than actual possession." (Id.) Petitioner notes that he was "allowed to continue on pre-trial probation for a four year period and to drive across-country and back on two separate occasions, which does not indicate violence." (Id.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner states that the Warden denied his request for an emergency furlough on February 14, 2013.[2] (Id., p. 2.) Petitioner explains that he has not exhausted his administrative remedies "because the institutional grievance procedure would take a minimum of 150 days or 5 months, time my mother does not have." (Id.) Accordingly, Petitioner requests that the Court grant him a furlough allowing his temporary release from BOP custody so that he may have "a two-day visit with two 8-hour commutes on either end." (Id.)

## ANALYSIS

Petitioner requests a temporary release so that he may visit with his mother, who is dying. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979); see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Title 18 U.S.C. § 3622, however, authorizes the BOP to grant furloughs. Specifically, 18 U.S.C. § 3622 provides as follows:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him under prescribed conditions, to - -
>     (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of - -
>         (1) visit a relative who is dying;
>             * * *

---

[2] 28 C.F.R. § 570.37 provides that "[a]n inmate may appeal any aspect of the furlough program through the Administrative Remedy Program, 28 CFR Part 542, Subpart B."

18 U.S.C § 3622(a)(1). Additionally, 28 C.F.R. § 570.33 provides that "[t]he Warden or designee may authorize a furlough, for 30 calendar days or less, for an inmate to: . . . (b) Be present during a crisis in the immediate family, or in other urgent situations."[3] 28 C.F.R. § 570.33(b). The plain language of 18 U.S.C. § 3622 gives the BOP exclusive authority to determine whether a federal prisoner should be granted a furlough. See United States v. Premachandra, 78 F.3d 589 (8th Cir. 1996)(per curiam)("18 U.S.C. § 3622 vests authority to grant medical furloughs with the Bureau of Prisons (BOP), not the federal courts"); United States v. Padilla, 2012 WL 2175749, *3 (D.N.M. May 31, 2012)("Congress has expressly provided that the BOP has authority to grant furloughs and has not vested such authority with the courts."); United States v. Watson, 2009 WL 1370915 (M.D.Ala. May 14, 2009)("No language in the statute grants district courts the authority to order or approve a furlough request."); also see Clay v. LaManna, 2008 WL 4680579, * 3 (D.S.C. Oct. 21, 2008)(an inmate does not have a liberty interest in a furlough). Although the undersigned is sympathetic to Petitioner's circumstances, the Court lacks authority to grant Petitioner a furlough or temporary release. Accordingly, the undersigned recommends that Petitioner's "Emergency Motion" should be denied.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's "Emergency Motion" (Document No. 1.) and **REMOVE**

---

[3] 28 C.F.R. § 570.36(b) provides that "[o]rdinarily, Wardens will not grant furlough to an inmate if: (1) The inmate is convicted of a serious crime against a person; (2) The inmate's presence in the community could attract undue public attention, create unusual concern, or diminish the seriousness of the offense; or (3) The inmate has been granted a furlough in the past 90 days."

this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: March 7, 2013.

R. Clarke VanDervort
United States Magistrate Judge